UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YISSET GARCIA VILLAR, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>– against –<br><br>DNATA US INFLIGHT CATERING, LLC d/b/a 121 In-Flight Catering, and John Does 1-3,<br><br>*Defendants*. | No.:<br><br>**NOTICE OF REMOVAL** |

Please take notice that Defendant Dnata US Inflight Catering, LLC d/b/a 121 In-Flight Catering ("Dnata") hereby removes the above-captioned action (the "Action") to this Court from the Supreme Court of the State of New York, County of Nassau. As set forth below, Dnata has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

**BACKGROUND**

1.  On November 25, 2020, Plaintiff Yisset Garcia Villar ("Villar" or "Plaintiff") filed a complaint (the "Complaint") against Dnata in the Supreme Court of the State of New York, County of Nassau. Plaintiff brings a claim on behalf of herself and others similarly situated, for Dnata's alleged failure to pay a spread of hours premium pursuant to 12 N.Y.C.R.R. § 146. Plaintiff's Complaint seeks (a) an order certifying this case as a class action, (b) unpaid spread-of-hours pay, (c) pre-judgment and post-judgment interest, as provided by law, and (d) attorneys' fees and costs of suit, including expert fees. A copy of the Summons and Complaint is attached hereto as Exhibit A.

2. Dnata received a copy of the Complaint on or after November 25, 2020. Consequently, this removal petition is timely filed. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days of receipt of initial pleading).

3. Dnata's time to respond to the Complaint has not yet expired, and Dnata has not yet served or filed a response to the Complaint.

4. Removal to the Eastern District of New York is proper because this District includes Nassau County. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 112(c)

5. Dnata will file a copy of this Notice of Removal with the clerk of the Supreme Court of New York, County of Nassau, and will serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

## REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT

6. Dnata's basis for removal is the Class Action Fairness Act, 28 U.S.C. § 1332(d). This Court has original jurisdiction under CAFA if the litigation is a "class action" as defined by CAFA, the "matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of State different from any defendant." 28 U.S.C. § 1332(d)(2).

7. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff specifically seeks to represent "all others similarly situated" and "brings this case pursuant to CPLR article 9 on behalf of a class of all current and former hourly employees who were employed by defendants in New York who were not paid spread of hours wages as required by the New York [L]abor [L]aw" (the "NYLL"). Complaint ¶ 9. CPLR Article 9 concerns class actions. *See* N.Y. CPLR 901, *et seq*.

8. Plaintiff alleges that she resides in Queens County, New York. Complaint ¶ 1. As required by Local Rule 81.1, Dnata notes that Plaintiff did not specifically allege her domicile, however Dnata understands the allegations in paragraph 1 of the Complaint to mean that Plaintiff is domiciled in and therefore a citizen of the State of New York. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by [her] domicile"). Additionally, at least one class member is a New Jersey domiciliary.

9. Dnata is a New York limited liability company. Dnata's members are: (i) Alpha Flight US, Inc., which is a Delaware corporation with its principal place of business in Florida, (ii) Peter Devito, a Connecticut domiciliary, (iii) Michele Savino, a Connecticut domiciliary, and (iv) John Hetzel, a Connecticut domiciliary. Therefore, Dnata is a citizen of Delaware, Florida, and Connecticut. *See* 28 U.S.C. § 1332(c)(1); *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). As such, at least one defendant is diverse from plaintiff and other potential class members, and CAFA's minimal diversity requirement has been met.

10. Plaintiff does not plead a specific amount in controversy, so Dnata need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

11. Under CAFA, the "claims of the individual class members must be aggregated." 28 U.S.C. § 1332(d)(6). "[CAFA] tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the . . . proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). Attorneys' fees are properly included in the calculation. *See Fields v. Sony Corp. of Am.*, No. 13 Civ. 6520 (GBD), U.S. Dist. LEXIS 109249, at *8 (S.D.N.Y. Aug. 4,

2014) (holding that attorneys' fees are recoverable under the NYLL and therefore should be included in determining the amount in controversy); *Henry v. Warner Music Group Corp.*, No. 13 Civ. 5031 (PGG), 2014 U.S. Dist. LEXIS 39309, at *11 (S.D.N.Y. Mar. 21, 2014) (holding that attorneys' fees under the NYLL were properly considered in determining amount in controversy for CAFA). If the Court is uncertain whether the amount in controversy exceeds $5 million, "the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005); *see also Dart Cherokee*, 135 S. Ct. at 554 (noting "that no antiremoval presumptions attend cases invoking CAFA"). It has been held that reasonable attorneys' fees in a case brought pursuant to the NYLL can be up to one-third of the total recovery. *See Fields*, 3 Civ. 6520 (GBD), U.S. Dist. LEXIS 109249, at *8 (citation omitted).

12. For the six-year period prior to the filing of the Complaint, Dnata employed up to approximately 390 hourly employees in New York.

13. 22 N.Y.C.R.R. § 146-1.6(a) provides that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

14. 22 N.Y.C.R.R. § 146-1.2 provides for basic minimum hourly rates. For large employers like Dnata who employed individuals in Nassau County, the minimum basic wage has been set at:

    a.    $8.75 per hour from December 31, 2014-Decmeber 30, 2015;

    b.    $9 per hour from December 31, 2015-December 30, 2016;

    c.    $10 per hour from December 31, 2016-December 30, 2017;

    d.    $11 per hour from December 31, 2017-December 30, 2018;

    e.    $12 per hour from December 31, 2018-December 20, 2019; and

f. $13 per hour from December 31, 2019-November 25, 2020.

15. Plaintiff's Complaint alleges that she worked hours that required payment of spread of hours pay five days per week. Complaint ¶¶ 23-24. Plaintiff's Complaint also alleges that Dnata did not pay her or any class member spread of hours pay when they worked a spread of hours in excess of 10 hours. Complaint ¶¶ 25-26.

16. Plaintiff alleges that her claims are typical of the claims of the class, who are all current or former hourly employees of Dnata who sustained damages because of Dnata's "common compensation policies and practices," *i.e.*, that Dnata did not pay any class member spread of hours pay when that class member worked a spread of hours in excess of 10 hours. Complaint ¶¶ 12, 26.

17. Given Plaintiff's claims about common facts and the typicality of her claim, it is reasonable to infer from Plaintiff's allegations in the Complaint that, like Plaintiff, the class members worked five days per week, and on each of those days they worked hours that would entitle each class member to spread of hours pay. Therefore, Plaintiff, on behalf of potential class members, seeks damages in excess of $5,000,000, as required to establish jurisdiction under 28 U.S.C. § 1332(d).

18. No CAFA exceptions apply under 28 U.S.C. §§ 1332(d) or 1453(d), and Plaintiff has the burden of proving otherwise. *See Greenwich Fin. Servs. Distressed Mortgage Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010).

## RESERVATION OF RIGHTS

19. Dnata denies the allegations contained in the Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, or exceptions that may exist in its favor in either state or federal court.

20. Further, in making the allegations in this Notice of Removal, Dnata does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

21. Dnata also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of this Action, Dnata expressly requests the opportunity to present such further evidence as necessary to support its position that this action is removable.

22. For the reasons stated above, Dnata removes this Action, N.Y. Index No. 613684/2020, presently pending in the Supreme Court of the State of New York, County of Nassau, to this Court. Dnata respectfully requests that this Court assume jurisdiction over this matter and grant Dnata such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
December 23, 2020

CERMELE & WOOD LLP

  */s/ Benjamin M. Rattner*
Michael R. Wood
Benjamin M. Rattner
2 Westchester Park Dr. Ste. 110
White Plains, NY 10604
(914) 967-2753
mike@cw.legal
ben@cw.legal
*Attorneys for Defendant Dnata US Inflight Catering, LLC d/b/a 121 In-Flight Catering*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

YISSET GARCIA VILLAR, individually and on behalf of all others similarly situated,

          Plaintiff(s),

-against-

DNATA US INFLIGHT CATERING, LLC d/b/a 121 IN-FLIGHT CATERING, and JOHN DOES 1-3,

          Defendant(s).

---

Index No.

**Summons**

Date Index No. Purchased:

To the above named Defendant(s)

DNATA US INFLIGHT CATERING, LLC
7 JULIANO DRIVE
OXFORD, CT 06478

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is   DEFENDANT'S PLACE OF BUSINESS
which is   45 Rason Rd, Inwood, NY 11096

Dated: Huntington, New York

November 25, 2020

                          MOSER LAW FIRM, P.C.
                          by_____
                          Steven J Moser
                    Attorneys for Plaintiff
                      Yisett Garcia Villa
                      5 E. Main Street
                      Huntington, New York 11743
                      516-671-1150
                      smoser@moseremploymentlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

YISSET GARCIA VILLAR, individually and on behalf of all others similarly situated,

                              Plaintiffs,

- against -

DNATA US INFLIGHT CATERING, LLC d/b/a 121 In-Flight Catering, and JOHN DOES 1-3,

                              Defendants.

Index No.

**CLASS ACTION COMPLAINT**

Plaintiff, Yisset Garcia Villar, individually and on behalf of all others similarly situated, by her attorneys the Moser Law Firm, PC, complaining of the Defendants DNATA US Inflight Catering, LLC d/b/a 121 In-Flight Catering and John Does 1-3, (the "Defendants") alleges as follows upon information and belief:

## THE PARTIES

### *Plaintiff*

1. The Plaintiff herein is an adult individual who is a resident of Queens County, New York.

2. The Plaintiff herein was employed by the Defendants during the six-year period prior to the filing of this complaint (the "relevant time period").

3. The Plaintiff herein is a covered employee within the meaning of the NYLL.

### *Defendant 121 In-Flight, LLC*

4. The Defendant DNATA 121 Inflight Catering, LLC ("121") is a New York Corporation.

5. During the six-year period preceding the filing of this complaint the Defendant 121 did business as "121 In-Flight Catering."

6. Defendant 121 maintains a principal place of business at 7 Juliano Drive, Oxford, CT.

7. Defendant 121 operates a food preparation kitchen at 45 Rason Road, Inwood, New York.

*Defendant John Does Nos. 1-3*

8. Defendant John Does Nos. 1-3 are natural persons whose identities are unknown. Said individuals were officers and shareholders of 121 during the relevant time period and exercised operational control over 121, had the power to hire and fire the plaintiff, controlled the terms and conditions of plaintiffs employment, or determined the rate and method of plaintiff's compensation. Such individuals are employers within the meaning of the NYLL and upon discovery of their identities, the complaint will be amended to name them as individual defendants.

## CLASS ALLEGATIONS

9. Plaintiff brings this case pursuant to CPLR article 9 on behalf of a class of all current and former hourly employees who were employed by defendants in New York who were not paid spread of hours wages as required by the New York labor law (the "Class") during the six years preceding the filing of the suit up to the date defendants cease, or are enjoined from, the unlawful practices described herein (the "Class Period").

10. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such number would require facts in the sole

2

control of defendants, upon information and belief, Defendant 121 had approximately 200 hourly employees during the Class Period.

11. There are questions of law or fact common to the class that predominate over any questions affecting individual members. Those questions include but are not limited to the following:

    (a) whether 121 is a restaurant subject to the hospitality industry wage order; and

    (b) whether defendants have or are engaged in a policy of failing to pay spread of hours pay as required by the New York labor law

12. The claims of the Plaintiff are typical of the claims of the Class, because they are all current or former hourly employees of Defendant 121 who sustained damages as a result of Defendant's common compensation policies and practices. The defenses that Defendant 121 is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant 121 is likely to assert against the Class.

13. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel is experienced in pursuing complex and class-action litigation who will adequately and vigorously represent the interests of the class.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where low-paid individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. The members of the class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual

class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## FACTUAL ALLEGATIONS

15. The Hospitality Industry Wage Order (12 N.Y.C.R.R. § 146) determines the wages to be paid to employees of hotels and restaurants . 12 N.Y.C.R.R. § 146-3.1(a).

16. Under the Wage Order,

> The term *restaurant* includes any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto.

12 N.Y.C.R.R. § 146-3.1(b).

17. 121 has prepared and offered food for human consumption during the past six years.

18. 121 has provided food catering services during the past six years.

19. As a business that prepares food and beverages for public consumption through its catering services, 121 is a restaurant subject to the hospitality industry wage order.

20. The hospitality industry wage order requires the payment of spread of hours pay when the spread of hours (the interval between the beginning and ending of an employee's workday) exceeds ten. 12 N.Y.C.R.R. 146-1.6.

21. The Plaintiff was employed by Defendant 121 at the Defendants' kitchen located in Inwood, New York, County of Nassau.

22. Plaintiff was an hourly employee of Defendant 121 from on or about September 8, 2015 until on or about January 15, 2017.

23. Plaintiff frequently worked a spread of hour in excess of ten (10).

24. More specifically, Plaintiff's regular work schedule was from 3:00 pm to 2:00 am on Monday and Tuesday (spread of hours of 11), 3:00 pm to 3:30 am on Wednesday and Sunday (spread of hours of 12.5), and from 3:00 pm to 4:00 am on Saturday (spread of hours of 13).

25. Defendants did not pay the plaintiff spread of hours pay when she worked a spread of hours in excess of ten (10).

26. During the relevant time period the Defendants did not pay spread of hours pay to any Class member who worked a spread of hours in excess of ten (10).

## FIRST CAUSE OF ACTION

## SPREAD OF HOURS PREMIUM

## 12 N.Y.C.R.R. §146

27. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28. During the relevant time period, Defendants failed to pay the Plaintiff and the Class members compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which the spread of hours exceeded ten (10).

29. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants violated the NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19 §§ 650 *et seq.* and the

supporting New York State Department of Labor Regulations, including, but not limited to, 12 NYCRR § 146-1.6.

30. Due to Defendants' New York Labor law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread of hours pay, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) An order certifying this as a class action;

(b) Unpaid spread-of-hours pay;

(c) Pre-Judgment and Post-Judgment interest, as provided by law; and

(d) Attorneys' fees and costs of suit, including expert fees.

Dated: Huntington, New York
November 25, 2020

Respectfully submitted,

MOSER LAW FIRM, P.C.

By: Steven J. Moser, Esq.
5 East Main Street
Huntington, New York 11743
516.671.1150
smoser@moseremploymentlaw.com