SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

YISSET GARCIA VILLAR, individually and on behalf of all others similarly situated,

                Plaintiff(s),

-against-

DNATA US INFLIGHT CATERING, LLC d/b/a 121 IN-FLIGHT CATERING, and JOHN DOES 1-3,

                Defendant(s).

---

Index No.

**Summons**

Date Index No. Purchased:

To the above named Defendant(s)

    DNATA US INFLIGHT CATERING, LLC
    7 JULIANO DRIVE
    OXFORD, CT 06478

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is   DEFENDANT'S PLACE OF BUSINESS which is   45 Rason Rd, Inwood, NY 11096

Dated:  Huntington, New York
          November 25, 2020

                                          MOSER LAW FIRM, P.C.
                                          by_____
                                          Steven J Moser
                                      Attorneys for Plaintiff
                                          Yisett Garcia Villa
                                          5 E. Main Street
                                          Huntington, New York 11743
                                          516-671-1150
                                          smoser@moseremploymentlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
_____
YISSET GARCIA VILLAR, individually and on behalf of
all others similarly situated,

                                                      Index No.

                             Plaintiffs,

                                                      CLASS ACTION COMPLAINT

- against -

DNATA US INFLIGHT CATERING, LLC d/b/a 121 In-
Flight Catering, and JOHN DOES 1-3,

                                             Defendants.
_____

       Plaintiff, Yisset Garcia Villar, individually and on behalf of all others similarly situated, by her attorneys the Moser Law Firm, PC, complaining of the Defendants DNATA US Inflight Catering, LLC d/b/a 121 In-Flight Catering and John Does 1-3, (the "Defendants") alleges as follows upon information and belief:

### THE PARTIES

*Plaintiff*

       1.    The Plaintiff herein is an adult individual who is a resident of Queens County, New York.

       2.    The Plaintiff herein was employed by the Defendants during the six-year period prior to the filing of this complaint (the "relevant time period").

       3.    The Plaintiff herein is a covered employee within the meaning of the NYLL.

*Defendant 121 In-Flight, LLC*

       4.    The Defendant DNATA 121 Inflight Catering, LLC ("121") is a New York Corporation.

5. During the six-year period preceding the filing of this complaint the Defendant 121 did business as "121 In-Flight Catering."

6. Defendant 121 maintains a principal place of business at 7 Juliano Drive, Oxford, CT.

7. Defendant 121 operates a food preparation kitchen at 45 Rason Road, Inwood, New York.

*Defendant John Does Nos. 1-3*

8. Defendant John Does Nos. 1-3 are natural persons whose identities are unknown. Said individuals were officers and shareholders of 121 during the relevant time period and exercised operational control over 121, had the power to hire and fire the plaintiff, controlled the terms and conditions of plaintiffs employment, or determined the rate and method of plaintiff's compensation. Such individuals are employers within the meaning of the NYLL and upon discovery of their identities, the complaint will be amended to name them as individual defendants.

## CLASS ALLEGATIONS

9. Plaintiff brings this case pursuant to CPLR article 9 on behalf of a class of all current and former hourly employees who were employed by defendants in New York who were not paid spread of hours wages as required by the New York labor law (the "Class") during the six years preceding the filing of the suit up to the date defendants cease, or are enjoined from, the unlawful practices described herein (the "Class Period").

10. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such number would require facts in the sole

2

control of defendants, upon information and belief, Defendant 121 had approximately 200 hourly employees during the Class Period.

11. There are questions of law or fact common to the class that predominate over any questions affecting individual members. Those questions include but are not limited to the following:

> (a) whether 121 is a restaurant subject to the hospitality industry wage order; and
>
> (b) whether defendants have or are engaged in a policy of failing to pay spread of hours pay as required by the New York labor law

12. The claims of the Plaintiff are typical of the claims of the Class, because they are all current or former hourly employees of Defendant 121 who sustained damages as a result of Defendant's common compensation policies and practices. The defenses that Defendant 121 is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant 121 is likely to assert against the Class.

13. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel is experienced in pursuing complex and class-action litigation who will adequately and vigorously represent the interests of the class.

14. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where low-paid individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. The members of the class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual

3

class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## FACTUAL ALLEGATIONS

15. The Hospitality Industry Wage Order (12 N.Y.C.R.R. § 146) determines the wages to be paid to employees of hotels and restaurants. 12 N.Y.C.R.R. § 146-3.1(a).

16. Under the Wage Order,

> The term *restaurant* includes any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto.

12 N.Y.C.R.R. § 146-3.1(b).

17. 121 has prepared and offered food for human consumption during the past six years.

18. 121 has provided food catering services during the past six years.

19. As a business that prepares food and beverages for public consumption through its catering services, 121 is a restaurant subject to the hospitality industry wage order.

20. The hospitality industry wage order requires the payment of spread of hours pay when the spread of hours (the interval between the beginning and ending of an employee's workday) exceeds ten. 12 N.Y.C.R.R. 146-1.6.

4

21. The Plaintiff was employed by Defendant 121 at the Defendants' kitchen located in Inwood, New York, County of Nassau.

22. Plaintiff was an hourly employee of Defendant 121 from on or about September 8, 2015 until on or about January 15, 2017.

23. Plaintiff frequently worked a spread of hour in excess of ten (10).

24. More specifically, Plaintiff's regular work schedule was from 3:00 pm to 2:00 am on Monday and Tuesday (spread of hours of 11), 3:00 pm to 3:30 am on Wednesday and Sunday (spread of hours of 12.5), and from 3:00 pm to 4:00 am on Saturday (spread of hours of 13).

25. Defendants did not pay the plaintiff spread of hours pay when she worked a spread of hours in excess of ten (10).

26. During the relevant time period the Defendants did not pay spread of hours pay to any Class member who worked a spread of hours in excess of ten (10).

## FIRST CAUSE OF ACTION

## SPREAD OF HOURS PREMIUM

## 12 N.Y.C.R.R. §146

27. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28. During the relevant time period, Defendants failed to pay the Plaintiff and the Class members compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which the spread of hours exceeded ten (10).

29. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants violated the NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19 §§ 650 *et seq.* and the

5

supporting New York State Department of Labor Regulations, including, but not limited to, 12 NYCRR § 146-1.6.

30. Due to Defendants' New York Labor law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread of hours pay, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) An order certifying this as a class action;

(b) Unpaid spread-of-hours pay;

(c) Pre-Judgment and Post-Judgment interest, as provided by law; and

(d) Attorneys' fees and costs of suit, including expert fees.

Dated: Huntington, New York
November 25, 2020

Respectfully submitted,

MOSER LAW FIRM, P.C.

By: Steven J. Moser, Esq.
5 East Main Street
Huntington, New York 11743
516.671.1150
smoser@moseremploymentlaw.com