

Benjamin M. Rattner, Associate
ben@cw.legal

December 30, 2020

*Via ECF*

Honorable Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

    Re: *Yisset Garcia Villar, individually and on behalf of all others similarly situated v. Dnata US Inflight Catering, LLC d/b/a 121 In-Flight Catering, and John Does 1-3*, No. 2:20-cv-06234-JS-AKT

Dear Judge Seybert:

    This firm represents defendant dnata US Inflight Catering, LLC ("dnata") in the above-captioned matter. We write, pursuant to Fed. R. Civ. P. 81(c)(2) and Your Honor's Individual Rules and Practices, to request a pre-motion conference for dnata's contemplated motion to dismiss the complaint (the "Complaint") in this action.

    By way of background, Yisset Garcia Villar ("Villar" or "Plaintiff") commenced this putative class action on November 25, 2020 in the Supreme Court of the State of New York, County of Nassau. Thereafter, dnata received a copy of the summons and Complaint, and timely removed this action pursuant to the Class Action Fairness Act ("CAFA") on December 23, 2020. *See* ECF No. 1. Dnata now seeks permission to file a motion to dismiss the Complaint with prejudice because (i) Plaintiff fails to state a claim upon which relief can be granted, and (ii) even if Plaintiff has stated a claim, the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-188, requires that Plaintiff arbitrate her claim.

    Villar's threadbare Complaint alleges a single cause of action: that dnata allegedly did not pay her a "spread of hours" premium pursuant to 12 N.Y.C.R.R. § 146. Indeed, the Complaint does little more than allege that Villar was an employee of dnata, allege her "regular" hours, and allege that dnata has a policy of not paying spread of hours premiums. Notably, the Complaint fails to allege that Plaintiff was an hourly worker, and also fails to allege whether Plaintiff was paid at or above minimum wage.

    The foregoing omissions mandate dismissal of the Complaint for failure to state a claim. Courts in the Second Circuit have held that New York's spread of hours provision "is properly limited to enhancing the compensation of those receiving only the minimum required by law." *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 475 (E.D.N.Y. 2011) (citation and internal

quotation omitted). Therefore, pleading a spread of hours claim requires a plaintiff to plead that she was paid the minimum wage. *See id.*; *Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729, at *27 (S.D.N.Y. Feb. 28, 2018) ("the majority of district courts in [the Second Circuit] are in accord with the [NYSDOL's] position that those earning more than the minimum wage are not entitled to spread-of-hours pay") (citation omitted). Here, Villar fails to plead any facts concerning her rate of pay, including whether she was paid minimum wage. Accordingly, Villar has failed to state a claim for unpaid spread of hours wages. Moreover, Villar cannot state such a claim for unpaid spread of hours premiums because dnata paid her more than minimum wage.

The Complaint should also be dismissed because the RLA preempts Plaintiff's claim. The RLA "establishes a mandatory arbitral mechanism for the prompt and orderly settlement" of grievances that grow out of the interpretation or application of agreements covering rates of pay, rules or working conditions at airlines. *See* 45 U.S.C § 181; *Hawaiian Airlines v. Norris*, 512 U.S. 246, 252-53 (1994). Dnata's hourly employees fall squarely within what the RLA covers because they prepare meals for various airlines operating out of New York's John F. Kennedy International Airport. The airlines provide dnata with extremely detailed specifications of how food is to be prepared and presented, dictate vendors that dnata uses to prepare the meals, and conduct extensive quality checks on the meals prepared by dnata. Moreover, the airlines are allowed to inspect dnata's kitchen at any time. As such, dnata's hourly workers are subject to the RLA, just as kitchen staff are throughout the airline industry. *See, e.g.*, 15 NMB 397 (National Mediation Board 1988) (finding that Sky Chefs' kitchen employees serving American Airlines, among others, were within the jurisdiction of the RLA based on facts nearly identical to those at bar).

Not only are dnata's employees covered by the RLA, but Plaintiff's grievance here will likely require interpretation and application of dnata's collective bargaining agreement with its employees. That collective bargaining agreement mandates pay rates in accordance with the number of hours worked, including when workers exceed 10 hours, as Plaintiff alleges she worked in the Complaint. Therefore, adjudicating Plaintiff's claim will require interpretation of the collective bargaining agreement, which means that Plaintiff must arbitrate her claim. *See* 45 U.S.C. § 184; *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 273 (2d Cir. 2005).

For the foregoing reasons, dnata respectfully requests that the Court schedule a pre-motion conference to discuss dnata's anticipated motion.

Respectfully submitted,

*/s/ Benjamin M. Rattner*

Benjamin M. Rattner

cc: Steven J. Moser, Esq. (via email)
Michael R. Wood, Esq. (via email)