

Steven J. Moser, Esq.
Phone 631-759-4054
smoser@moseremploymentlaw.com

January 4, 2021

VIA ECF

Hon. Joanna Seybert, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Villar v. Dnata U.S. Inflight Catering,* 20-cv-06234 (SJF)(AKT)

Dear Judge Seybert:

I represent the Plaintiff in the above captioned matter. I write to request a pre-motion conference regarding Plaintiff's anticipated motion to remand the case to the Supreme Court, Nassau County, from which court this matter has been improperly removed. In the alternative, the Plaintiff requests that, consistent with the Supreme Court's holding in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014), the Court direct the Defendant to submit proof of the amount in controversy so that the Court may be given sufficient information to determine whether CAFA jurisdiction exists.

## Procedural Background

Yisset Garcia Villar commenced this class action on November 25, 2020 in the Supreme Court of the State of New York, County of Nassau. Plaintiff asserted that she and others similarly situated were not paid spread of hours pay as required by 12 NYCRR § 146. No violation of any federal statute was alleged. On December 23, 2020, Defendants filed a notice of removal asserting that this Court has CAFA jurisdiction as, *inter alia,* the amount in controversy exceeds $5 Million.

### The Matter Should Be Remanded as Defendant's Have Failed to Plausibly Plead the Amount in Controversy in the Notice of Removal

Defendant, as the party asserting CAFA jurisdiction, bears the burden of setting forth facts in the notice of removal that establish a "reasonable probability" that the aggregate amount in controversy is $5 Million. The Second Circuit has made clear that the party asserting federal jurisdiction under CAFA bears the burden of establishing jurisdiction. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57-58 (2d Cir. 2006). In order to establish CAFA jurisdiction, the removing defendant must show that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $ 5 million. *Sorrentino v. ASN Roosevelt Ctr., L.L.C.*, 588 F. Supp. 2d 350, 354 (E.D.N.Y. 2008) (citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)).

A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a). By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. See 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure §3733, pp. 639-641 (4th ed. 2009).

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014). Because the federal pleading requirement stated in Rule 8(a) applies to a Defendant's notice of removal, it follows that A Defendant's notice of removal must *plausibly* allege the amount in controversy. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89, 135 S. Ct. at 554.

Here the defendants have not asserted sufficient jurisdictional facts to plausibly allege the amount in controversy. Instead, although the facts regarding the actual amount in controversy are within the Defendant's knowledge, the Defendant does not disclose such facts, and instead relies wholly upon unsupported assumptions to invoke CAFA jurisdiction. The notice of removal[1] alleges only the following facts regarding the amount in controversy:

a. "For the six-year period prior to the filing of the Complaint, Dnata employed up to approximately 390 hourly employees[2] in New York."[3]
b. The basic minimum hourly rates applicable to Dnata's hourly employees ranged from $8.75 to $13 per hour during the relevant time period.[4]

The notice of removal fails to state the average number of employees, or the number of days in which hourly employees worked a spread of hours in excess of 10. Instead, the Defendant claims that it is "reasonable to infer" that each of the class members worked "five days per week, and on each of those days they worked" a spread of hours in excess of 10. Notice of Removal ¶ 17.

If one simply *assumes* (1) that the Defendant employed its maximum number of employees (390) for the entire six-year statutory period, (2) that all 390 employees worked five days per week, and (3) that on every day that every class member worked, each class member worked a spread of hours in excess of 10, the total damages comes to approximately $6 million.[5]

However, such sweeping and overbroad assumptions are unsupported by any well-pled facts. The Defendants are presumably in possession of the facts necessary to sufficiently plead the amount in controversy yet fail to do so. More specifically, the Defendants have failed to plead:

1. The *actual* number of employees. The notice of removal cleverly avoids questions such as:

---

[1] A copy of the Notice of Removal is annexed hereto as Exhibit 1.
[2] In other words, the *maximum* number of hourly employees who worked on a given day was approximately 390.
[3] Notice of Removal ¶ 13.
[4] Notice of Removal ¶ 14.
[5] 390 (hourly employees) x 5 (spread of hour days/week) x 300 weeks x $10 (average minimum wage)

      a. "Did Defendant employ its *maximum* number of hourly employees (390 individuals) for one day, one week, or one year?"
      b. "What were the Defendant's *lowest* staffing levels during the relevant time period? 100 employees?  10 employees?"
      c. "What was the average number of hourly employees who worked for Defendant during the relevant time period?"

2. The *actual* number of days in which hourly employees worked a spread of hours in excess of ten.  Again, the Defendant cleverly avoids questions such as:
      a. "How many days per week did employees actually work a spread of hours in excess of 10?"
      b. What was the total number of days worked by all class members combined in which the spread of hours exceeded 10?"

Without this information, it is impossible to determine whether CAFA jurisdiction exists. Yet, the Defendants fail to shed light on the actual damages so that the Court can determine whether the amount in controversy has been met.

### If the Matter is not Remanded, the Defendants Should be Required to Submit Proof of the Actual Amount in Controversy

The Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), set forth the specific a procedure to be followed when a Defendant's assertion of the amount in controversy is challenged.  "[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart,* 135 S. Ct. at 554.

### Conclusion

For the foregoing reasons, the Plaintiff will request that the case be remanded to the Supreme Court, Nassau County, from which court this case has been improperly removed.  In the alternative, the Plaintiff requests that all parties be directed to submit proof of the amount in controversy so that the Court can be armed with the facts necessary to determine whether CAFA jurisdiction exists based upon a preponderance of the evidence.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser