

**MOSER LAW FIRM, P.C.**

Steven J. Moser, Esq.
Phone 631-759-4054
smoser@moseremploymentlaw.com

January 5, 2021

VIA ECF

Hon. Joanna Seybert, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Villar v. Dnata U.S. Inflight Catering,* 20-cv-06234 (SJF)(AKT)

Dear Judge Seybert:

     I represent the Plaintiff in the above captioned matter. I write in response to Defendant's request for a pre-motion conference regarding Defendant's anticipated motion to Dismiss.

     Yisset Garcia Villar commenced this class action on November 25, 2020 in the Supreme Court of the State of New York, County of Nassau. Plaintiff asserted that she and others similarly situated were not paid spread of hours pay as required by 12 NYCRR § 146. No violation of any federal statute was alleged. On December 23, 2020, Defendants filed a notice of removal asserting that this Court has CAFA jurisdiction as, *inter alia,* the amount in controversy exceeds $5 Million.

     On December 30, 2020 the Defendants filed a letter requesting a pre-motion conference concerning an anticipated motion to dismiss. (ECF No. 5). On January 4, 2021 the Plaintiff filed a letter requesting a pre-motion conference concerning an anticipated motion to remand to the Supreme Court, Nassau County as the Defendant failed to properly plead the amount in controversy required for CAFA jurisdiction. (ECF No. 6).

     A "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007).

     The Second Circuit has reiterated that "[j]urisdictional questions . . . should be addressed in the first instance by the District Court." *Jones v. Zuckerberg (In re Facebook, Inc., IPO Sec. & Derivative Litig.*, No. MDL No. 12-2389, 2013 U.S. Dist. LEXIS 180186, at *24-25 (S.D.N.Y. Dec. 20, 2013)(citing *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Manages Care, L.L.C.*, 433 F.3d 181, 203 (2d Cir. 2005)). "This is equally true in the context of removal." *Banco de Santander Cent. Hispano, S.A. v. Consalvi Int'l, Inc.*, 425 F. Supp. 2d 421, 424 (S.D.N.Y. 2006); *Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate*

*No. 0510135*, No. 10-CV-1455 (DLI)(LB), 2011 U.S. Dist. LEXIS 110834, 2011 WL 4529668, at *4 (E.D.N.Y. Sept. 27, 2011) ("This obligation extends to removal cases.").

Because there are questions as to whether this matter was properly removed, and whether the Defendant's have properly invoked this Court's jurisdiction, the Defendant's motion to dismiss is premature.

Defendant makes two central points in its letter motion to the Court.  First, the Defendant claims that Villar's failure to plead that she was a minimum wage worker is fatal to her spread of hours claim under 12 NYCRR 146-1.6, because "New York's spread of hours provision 'is properly limited to enhancing the compensation of those receiving only the minimum required by law.'" (ECF No. 4, at 1, citing *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 475 (E.D.N.Y. 2011)).

Defendant is incorrect.  Prior to January 1, 2011 the New York Labor Law contained three spread of hours regulations, all of which applied only to minimum wage workers.  *See* 12 NYCRR § 137-1.6, 12 NYCRR § 138-26 and 12 NYCRR § 142-2.4.  These three regulations contained the common language that spread of hours pay was only required "in addition to the minimum wages otherwise required." *Id.*  Effective January 1, 2011, however, the Department of Labor consolidated the Restaurant Wage Order (12 NYCRR § 137) and the Hotel Wage Order, (12 NYCRR § 138), into a single Hospitality Industry Wage Order (12 NYCRR § 146).  Under the Hospitality Industry Wage Order, all restaurant employees are entitled to spread-of-hours pay "regardless of a given employee's  regular rate of pay."  12 NYCRR 146-1.6(d).

12 NYCRR § 142-2.4 remains in effect. Thus, since January 1, 2011 the New York Labor Law contains two (2) spread of hours regulations: § 142-2.4 and §146-1.6. However, "the language of§ 142-2.4 differs from§ 146-1.6, because§ 146-1.6 explicitly extends to "all employees ... regardless of a given employee's regular rate of pay." 12 NYCRR § 146-1.6(d); *Williams v. Tri-State Biodiesel, L.L.C.*, No. 13 Civ. 5041 (GWG), 2015 U.S. Dist. LEXIS 7926, at *44 (S.D.N.Y. Jan. 23, 2015); *see also Angamarca v. Pita Grill 7 Inc.*, No. 11 Civ. 7777 (JGK) (JLC), 2012 U.S. Dist. LEXIS 108322, at *17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012). Section 146-1.6, in contrast to 142-2.4 "explicitly provides that spread of hours pay shall apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay, thereby indicating that the drafters of the regulations knew how to apply the spread or hours regulation to **all wage earners** [when] that was their intention." *Singh v. Patel*, No. 12-CV-3204 (SJF)(ETB), 2013 U.S. Dist. LEXIS 72619, at *7, 2013 WL 2190153 (E.D.N.Y. May 16, 2013) (Feuerstein, J.) (emphasis supplied) (citing *Roach v. T.L. Cannon Corp.*, 889 F. Supp. 2d 364, 369 (N.D.N.Y. 2012)).

Second, Defendant claims that the Railway Labor Act "preempts Plaintiff's claim." (ECF No. 5, at 2).  Again, Defendant is incorrect.  Defendant does not cite to a single federal case holding that the Railway Act "preempts" rights created independently of collective bargaining agreements.  Instead, the Defendant cites to a decision of the National Mediation Board from 1988.  A copy of this decision is attached hereto as Exhibit 1.  The decision does not even mention the word "preempt."

Defendant also argues that there is compulsory arbitration of the statutory claims brought in this action because Dnata is a "common carrier." There are questions of fact involved in determining whether Dnata is a "common carrier" too numerous to list here, which were only considered by the National Mediation Board after a full hearing was held. *See* Exhibit 1. Here, whether Dnata is a "common carrier" is a fact intensive inquiry which is not suitable for resolution on a motion to dismiss and may not even be suitable for resolution on a motion for summary judgment.

Even assuming that Dnata is a common carrier however, there is no preemption because the RLA does not apply to statutory rights created independently of a collective bargaining agreement. *Roache v. Long Island R.R.*, No. 18-cv-6443 (ENV) (JO), 2020 U.S. Dist. LEXIS 171149, at *16 (E.D.N.Y. Aug. 25, 2020) ("Claims or rights 'independent' of the CBA. . .may be resolved in federal court."); *Mo. P.R. Co. v. Norwood*, 283 U.S. 249, 258, 75 L. Ed. 1010, 51 S. Ct. 458 (1931) (the RLA arbitration scheme does not preempt a state statute regulating the number of workers required to operate certain equipment); *Hawaiian Airlines v. Norris*, 512 U.S. 246, 256, 114 S. Ct. 2239, 2246 (1994) ("[U]nder Norwood, substantive protections provided by state law, independent of whatever labor agreement might govern, are not pre-empted under the RLA.")

> If[, for example a] collective bargaining agreement provided that "non-managerial" employees would earn a wage of $ 2/hour, an employee disgruntled with an interpretation of the collective bargaining agreement placing him in this category, though pre-empted from bringing a state law breach of contract action, would not be pre-empted from bringing an action under the Federal law establishing a minimum hourly wage. This is because **the employee's right to a wage above that provided for by the collective bargaining agreement exists independently** of whatever obligations may be specified in the agreement.

*TWA v. Sinicropi*, 887 F. Supp. 595, 606 (S.D.N.Y. 1995) (emphasis supplied).

Here, the CBA is not the "only source" of Plaintiff's right to be spread of hours pay. In fact, the "only source" of the right Plaintiff asserts in this action is state law. Wholly apart from any provision of the CBA, Defendants have a state-law obligation to pay spread of hours pay when employees work a spread of hour in excess of 10.

For the foregoing reasons, the Plaintiff believes that Defendant's anticipated motion to dismiss will be unsuccessful and will needlessly consume this Court's time.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser